# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY HARRIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-02040-APG-EJY<br><br>**ORDER**<br><br>[ECF Nos. 6, 7, 8, 9, 12] |

Plaintiff Anthony Harris, who is currently incarcerated in the custody of the Nevada Department of Corrections (NDOC), has submitted a first amended civil rights complaint (FAC) under 42 U.S.C. § 1983. ECF No. 5.  I accept the FAC as the operative complaint.

Harris has also filed an application to proceed *in forma pauperis* (ECF No. 4), as well as two motions for a temporary restraining order or preliminary injunction (ECF Nos. 6, 7), two motions for appointment of counsel (ECF Nos. 8, 9), and a motion for preservation of video footage (ECF No. 12).  I defer judgment on Harris's application to proceed *in forma pauperis*.  I now screen the FAC under 28 U.S.C. § 1915A and address Harris's motions.

## I.　　SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff

must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

All or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF FAC

In Harris's 86-page FAC, he sues 46 defendants and asserts 13 separate counts. ECF No. 5.  The allegations in the FAC cover the course of over four years, ranging from January 4, 2017 through January 5, 2021.  Harris brings a wide variety of claims including deliberate indifference to a serious medical need, First Amendment retaliation, violations of his right to free exercise of religion, and violations of his right to send and receive mail.

A basic lawsuit is a single claim against a single defendant.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant.  Rule 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."  **However, unrelated claims that involve different defendants must be brought in separate lawsuits**. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").  These rules are not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that inmates pay the required filing fees for their lawsuits and prevent inmates from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The claims Harris brings in the FAC do not all arise from the same transaction, occurrence, or series of transactions, as allowed under Fed. R. Civ. P. 20(a)(2).  Nor do the claims include a proper common defendant, as allowed under Rule 18(a).

Harris sues the State of Nevada, NDOC, and Charles Daniels in all 13 of his counts, but the State and NDOC are not "persons" and therefore Harris cannot bring § 1983 claims against them. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (holding that NDOC is not a person for purposes of § 1983); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983).

Harris appears to attempt to hold Daniels liable for every claim based on Daniels's position as the director of NDOC.  But a defendant is liable under 42 U.S.C. § 1983 "only upon a

showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Harris does not include specific factual allegations that would support that Daniels was personally involved in the alleged violations, and Harris cannot hold Daniels generally liable for every alleged violation that occurred simply because Daniels was the director of NDOC.

The 13 counts in the FAC have not been properly joined in a single case, so I dismiss the FAC without prejudice and with leave to amend.  I advise Harris that each claim that is raised in a second amended complaint must be permitted by either Rule 18 or Rule 20.  He may state a single claim against a single defendant and include any additional claims that are against the same defendant under Rule 18.  Harris may also add any additional claims against other defendants **if those claims arise from the same transaction, occurrence, or series of transactions as his original claim**. Fed. R. Civ. P. 20(a)(2).  Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

Claims may not be joined merely because they occurred in the same prison, the violators had the same supervisor, or the claims are based on the same type of constitutional violation.  Harris may not evade these requirements merely by alleging that he told the same person about them or by making conclusory allegations that all the defendants are engaging in a conspiracy or campaign of harassment.  He also may not evade these requirements by including multiple causes of action in a part of the complaint form reserved for one claim.

## III.    LEAVE TO AMEND

I grant Harris leave to file a second amended complaint to cure the deficiencies of the FAC.  If he chooses to file a second amended complaint, I advise him that a second amended complaint supersedes (replaces) the original complaint and any previous amended complaints, so

the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Harris's second amended complaint must contain all claims, defendants, and factual allegations that Harris wishes to pursue in this lawsuit, as permitted by the Federal Rules.  Harris should file the second amended complaint on this court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

If Harris chooses to file a second amended complaint curing the deficiencies as outlined in this order, he must file that second amended complaint by **November 5, 2021**.  If Harris chooses not to file a second amended complaint curing the stated deficiencies, this case will be closed as dismissed without prejudice.

## IV.   HARRIS'S MOTIONS

### A.  ECF Nos. 6, 7

Harris filed two identical motions for preliminary injunction and temporary restraining order. ECF Nos. 6, 7.  He requests several different forms of relief related to different counts in the FAC.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Under the PLRA, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

I deny Harris's motions for temporary restraining order and preliminary injunction without prejudice. I have dismissed the FAC. As such, it is not clear at this time which claims Harris will seek to pursue in any second amended complaint. Therefore, I cannot determine whether Harris would be likely to succeed on the merits or even whether his requests for injunctive relief are based on claims that will be pleaded in a second amended complaint. I therefore deny the motions without prejudice.

**B.  ECF Nos. 8, 9**

Harris has filed two motions for appointment of counsel. ECF Nos. 8, 9. A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of

the legal issues involved." *Id*.  "Neither of these considerations is dispositive and instead must be viewed together." *Id*.  I do not find exceptional circumstances that warrant the appointment of counsel so I deny the motions for appointment of counsel without prejudice.

### C.  ECF No. 12

Harris filed a document titled "Plaintiff's Notice of Pendency of Action and Formal Request for Preservation of Video Footage."  It appears that the purpose of this document was simply to alert the court that Harris had sent a request to several of the defendants that they preserve video footage.  Harris does not appear to request that the court take any action in relation to this filing.  As such, to the extent that this filing can be construed as a motion, it is denied without prejudice.

## V.   CONCLUSION

I therefore order that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

I further order that I accept the FAC (ECF No. 5) as the operative complaint in this case. The Clerk of the Court will send Harris a courtesy copy of the FAC.

I further order that the FAC is dismissed in its entirety without prejudice, and with leave to amend, for failing to comply with the Federal Rules of Civil Procedure.

I further order that Harris's motions for temporary restraining order and preliminary injunction **(ECF Nos. 6, 7) are denied without prejudice**.

I further order that Harris's motions for appointment of counsel **(ECF Nos. 8, 9) are denied without prejudice**.

I further order that to the extent that the document filed at **ECF No. 12** is construed as a motion, it is **denied without prejudice**.

I further ordered that, if Harris chooses to file a second amended complaint curing the deficiencies of the FAC as outlined in this order, he will file the second amended complaint by **November 5, 2021**.

I further ordered the Clerk of the Court to send to Harris the approved form for filing a § 1983 complaint and instructions for the same.  If Harris chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

I further order that, if Harris fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be closed as dismissed without prejudice.

DATED THIS  24th day of September 2021.

_____
UNITED STATES DISTRICT JUDGE